Joshua H. Haffner, SBN 188652
jhh@haffnerlawyers.com
Drew R. Ferrandini, SBN 285102
df@haffnerlawyers.com
**HAFFNER LAW PC**
445 South Figueroa Street, Suite 2625
Los Angeles, California 90071
Telephone: (213) 514-5681
Facsimile: (213) 514-5682

Attorneys for Plaintiff Tiffany Calderon,
on behalf of herself and all others
similarly situated

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIFFANY CALDERON, an individual, on behalf of herself and all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> WELLS FARGO BANK, N.A., a California Company; and DOES 1 through 10, inclusive, <br><br> Defendants. | **Case No.** <br><br> **CLASS ACTION FOR:** <br><br> **(1) FAILURE TO REIMBURSE BUSINESS EXPENSES;** <br><br> **(2) FAILURE TO PAY OVERTIME WAGES;** <br><br> **(3) FAILURE TO PROVIDE OR PAY FOR MEAL BREAKS;** <br><br> **(4) FAILURE TO PROVIDE OR PAY FOR REST BREAKS;** <br><br> **(5) FAILURE TO PAY ALL WAGES OWED EVERY PAY PERIOD;** <br><br> **(6) FAILURE TO FURNISH TIMELY AND ACCURATE WAGE STATEMENTS;** <br><br> **(7) VIOLATION OF CALIFORNIA'S UNFAIR COMPETITION ACT, *BUS. & PROF. CODE* §17200, *et seq.;* and** <br><br> **(8) VIOLATION OF FAIR LABOR STANDARDS ACT.** <br><br> **DEMAND FOR JURY TRIAL** |

Plaintiff Tiffany Calderon ("Plaintiff") is informed and believes, and on that basis alleges, as follows:

## NATURE OF THE ACTION

1.      This is a California statewide class action, and a federal Fair Labor Standards Act collective action, for wage and labor violations.  This action arises out of, among other things, Defendant Wells Fargo Bank, N.A.'s ("Wells Fargo" or "Defendant") failure to reimburse business expenses incurred by Plaintiff and class members while working from home during the coronavirus crisis, as well as its misclassification of Treasury Service Associates and similar customer service employees as exempt from overtime, and meal and rest breaks.

2.      This action is brought for reimbursement of business expenses, as well as overtime, meal and rest break compensation, statutory penalties and/or other authorized relief on behalf of Plaintiff and Defendant's employees.

## PARTIES

3.      Plaintiff was, at all relevant times, a resident and citizen of the State of California.  Plaintiff was employed by Defendant as a Treasury Service Associates in the County of Los Angeles, State of California, during the liability period as alleged herein.

4.      Defendant Wells Fargo Bank, N.A. is a bank, that is authorized to conduct and is actually conducting business in the State of California.

5.      Plaintiffs are currently ignorant of the true names and capacities, whether individual, corporate, associate, or otherwise, of the defendants sued herein under the fictitious names Does 1 through 10, inclusive, and therefore sue such defendants by such fictitious names.  Plaintiffs will seek leave to amend this complaint to allege the true names and capacities of said fictitiously named defendants when their true names and capacities have been ascertained.  Plaintiffs are informed and believe and thereon alleges that each of the fictitiously named defendants is legally responsible in some manner for the events and occurrences alleged herein, and for the damages suffered by the Class.

**CLASS ACTION COMPLAINT**

6.      Plaintiffs are informed and believes and thereon alleges that all defendants, including the fictitious Doe defendants, were at all relevant times acting as actual agents, conspirators, ostensible agents, alter egos, partners and/or joint venturers and/or employees of all other defendants, and that all acts alleged herein occurred within the course and scope of said agency, employment, partnership, and joint venture, conspiracy or enterprise, and with the express and/or implied permission, knowledge, consent authorization and ratification of their co-defendants; however, each of these allegations are deemed "alternative" theories whenever not doing so would result in a contradiction with other allegations.

## JURISDICTION AND VENUE

7.      This Court has jurisdiction over the entire action by virtue of the fact that this is a civil action wherein the matter in controversy, exclusive of interest and costs, exceeds the jurisdictional minimum of the Court.  The acts and omissions complained of in this action took place in part in the State of California. At least one Defendant is a citizen of a state outside of California, and federal diversity jurisdiction exists and/or jurisdiction under the Class Action Fairness Act ("CAFA").  The class amount at issue exceeds $5,000,000 and the jurisdictional minimum of this Court under CAFA.  Venue is proper because this is a class action, the acts and/or omissions complained of took place, in whole or in part within the venue of this Court.

## FACTUAL ALLEGATIONS

8.      Plaintiff works as a "Treasury Service Associates" for Defendant handling customer service for Defendant's wholesale banking customers.

9.      Following the outbreak of the coronavirus crisis, in or about March 2020, Defendant had its employees, including Plaintiff, work from home.  Defendant, however, failed to reimburse Plaintiff and the class for necessary business expenses incurred while working from home during the coronavirus outbreak.  The business expenses Defendant failed to reimburse Plaintiff and other class members for during the coronavirus crisis include, but are not limited to, internet, phone, personal computer usage, and/or office

supplies.  Defendant's failure to reimburse for these expenses violated California Labor Code § 2802.

10.    Plaintiff and other Treasury Service Associates are nonexempt employees, but were misclassified by Defendant as exempt. Plaintiff is informed and believes, and on that basis alleges, that Defendant also misclassifies other customer service employees, with different tiles, as exempt.  As a result of Defendant's misclassification, Plaintiff and Class members were not paid overtime, nor were they provided or compensated for meal or rest breaks.

11.    Plaintiff and the Class regularly worked overtime, including working days that were 10 hours or more, and weeks that were 50 hours or more.  Plaintiff is informed and believes, and on that basis alleges, that in the large majority of pay periods she worked for Defendant, she worked overtime that she was not compensated for.  In violation of Labor Code §510, Defendant failed to pay for overtime to its Treasury Service Associates misclassified as exempt.

12.    Because it misclassified Plaintiff as exempt, Defendant did not provide Plaintiff or the Class with meal or rest breaks.  In violation of Labor Code §226.7, Defendant failed to separately pay Plaintiffs and Mortgage Consultants for missed meal or rest breaks.

13.    In violation of Labor Code § 226(a), Defendants have issued false and inaccurate wage statements which fail to account for all Plaintiff and other non-exempt employees' wages earned, including overtime and premium pay for missed meal or rest breaks, and/or failed to accurately reflect reimbursement for business expenses.

14.    Defendant's conduct violated, among other statutes, Labor Code §§ 201, 202, 203, 204, 218.5 226, 226.3, 226.7, 510, 1194, as well as IWC Wage Order No. 4-2001.

15.    Plaintiff is a member of and seeks to be the representative for the group of employees who all have been exposed to, have suffered, and/or were permitted to work under, Defendants' unlawful employment practices as alleged herein.

4

**CLASS ACTION COMPLAINT**

## **CLASS DEFINITION AND CLASS ALLEGATIONS**

16.     Plaintiff brings this action on behalf of herself, and on behalf of all others similarly situated, and as a member of the Classes defined as follows:

> **EXPENSE REIMBURSEMENT CLASS**:  All current or former employees of Defendant who worked in California at any time beginning March 15, 2020 through the date notice is mailed to the Class.

> **MISCLASSIFICATION CLASS**:  All current or former employees of Defendant who worked in California as Treasury Service Associates or similar customer service position, and were classified as exempt, at any time beginning four years prior to the filing of this complaint through the date notice is mailed to the Class.

> **FLSA CLASS**:  All current or former employees of Defendant who worked in the United States of America as Treasury Service Associates or similar service customer position, and were classified as exempt, at any time beginning three years prior to the filing of this complaint through the date notice is mailed to the Class.

Plaintiff reserves the right to amend or otherwise alter the class definitions presented to the Court at the appropriate time, or to propose or eliminate sub-classes, in response to facts learned through discovery, legal arguments advanced by Defendant or otherwise.

17.     This action has been brought and may be properly maintained as a class action pursuant to California Code of Civil Procedure § 382 and other applicable law, as follows:

18.     **Numerosity of the Class:**  Members of each Class are so numerous that their individual joinder is impracticable.  The precise number of Class members and their addresses are known to Plaintiffs or will be known to Plaintiff through discovery.  Class members may be notified of the pendency of this action by mail, electronic mail, the

Internet, or published notice.

19.    **Existence of Predominance of Common Questions of Fact and Law:**
Common questions of law and fact exist as to all members of each Class. These questions predominate over any questions affecting only individual Class members. These common legal and factual questions include:

a.    Whether Defendant violated Labor Code § 2802 by failing to reimburse its employees for business expenses incurred while working from home during the coronavirus crisis.

b.    Whether Defendant violated IWC Wage Order No. 4-2001 and Labor Code § 510 by failing provide or pay overtime to Treasury Service Associates misclassified as exempt.

c.    Whether Defendant violated IWC Wage Order No. 4-2001 and Labor Code § 226.7 by failing provide or pay for meal breaks.

d.    Whether Defendant violated IWC Wage Order No. 4-2001 and Labor Code § 226.7 by failing provide or pay for rest breaks.

e.    Whether Defendant engaged in unlawful, unfair, or fraudulent practices and violated California Business and Professions Code § 17200 by failing to reimburse for business expenses, and misclassifying Treasury Service Associates as exempt.

f.    The nature and extent of class-wide injury and measure of damages for the injury.

20.    **Typicality**: Plaintiff's claims are typical of the claims of the members of the subclasses they represent because Plaintiff worked during the coronavirus crisis from home, without getting reimbursed for business expenses, and was a Treasury Service Associate misclassified as exempt  by Defendant.  Thus, Plaintiff was exposed and subjected to the same unlawful business practices as each Class member during the liability period.  Plaintiffs and the members of the classes she seeks to represent sustained the same types of damages and losses.

21.    **Adequacy:** Plaintiff is an adequate representatives of the Classes she seeks to represent because her interests do not conflict with the interests of the members of the classes Plaintiffs seeks to represent.  Plaintiff has retained counsel competent and experienced in complex class action litigation and Plaintiff intends to prosecute this action vigorously.  The interests of members of each Class will be fairly and adequately protected by Plaintiff and their counsel.

22.    **Superiority and Substantial Benefit:** The class action is superior to other available means for the fair and efficient adjudication of Plaintiff and the Class members' claims. The violations of law were committed by Defendant in a uniform manner and class members were exposed to the same unlawful practices.  The damages suffered by each individual Class member may be limited.  Damages of such magnitude are small given the burden and expense of individual prosecution of the complex and extensive litigation necessitated by Defendant's conduct.  Further, it would be virtually impossible for the Class members to redress the wrongs done to them on an individual basis. Even if members of the Class themselves could afford such individual litigation, the court system could not.  Individualized litigation increases the delay and expense to all parties and the court system, due to the complex legal and factual issues of the case.  By contrast, the class action device presents far fewer management difficulties, and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court.

23.    The Class should also be certified because:

a. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to individual Class members which would establish incompatible standards of conduct for Defendants;

b. The prosecution of separate actions by individual members of the Class would create a risk of adjudication with respect to them, which would, as a practical matter, be dispositive of the interests of the other Class members not parties to the adjudications, or substantially impair or impede their ability to protect their interests; and

7

c. Defendants have acted or refused to act on grounds generally applicable to the Class, and/or the general public, thereby making appropriate final and injunctive relief with respect to the Classes as a whole.

## FIRST CAUSE OF ACTION
### UFAILURE TO REIMBURSE BUSINESS EXPENSES
### (Violation of Labor Code § 2802)
### (Against All Defendants)

24.    Plaintiff re-alleges, and incorporates by reference, the preceding paragraphs of this Complaint, as though fully set forth herein.

25.    This cause of action is brought on behalf of the Expense Reimbursement Class.

26.    California Labor Code§ 2802 provides "An employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties, or of his or her obedience to the directions of the employer, even though unlawful, unless the employee, at the time of obeying the directions, believed them to be unlawful."

27.    During the applicable statutory period, Plaintiff and the Class members incurred necessary expenditures and losses in direct consequence of the discharge of their employment duties and their obedience to the directions of Defendants.  These business expenses which Plaintiff and class members incurred, which were not reimbursed include, but are not limited to, internet, phone, personal computer usage, and/or office supplies.  Defendants did not reimburse these expenditures or losses to Plaintiff and the Expense Reimbursement Class.

28.    Defendants has failed to fully reimburse Plaintiff and the members of the Business Expense Reimbursement Class for necessary business-related expenses and losses.  Thus, all employees who worked for Defendant from home in California in any position or capacity suffered losses from Defendant's failure to reimburse business expenses, and are part of the Expense Reimbursement Class.

**CLASS ACTION COMPLAINT**

29.    Plaintiff and the Expense Reimbursement Class members are entitled to recover their unreimbursed expenditures and losses pursuant to Labor Code § 2802.

**SECOND CAUSE OF ACTION**
**UNLAWFUL FAILURE TO PAY ALL OVERTIME AND DOUBLE TIME WAGES**
**(Violation of *Labor Code* §§ 510 and 1194; Wage Order No. 4-2001, § 3(A))**

30.    Plaintiff re-alleges, and incorporates by reference, the preceding paragraphs of this Complaint, as though fully set forth herein.

31.    This cause of action is brought on behalf of the Misclassification Class.

32.    California *Labor Code* § 510 provides that, "Any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek and the first eight hours worked on the seventh day of work in any one workweek shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee. Any work in excess of 12 hours in one day shall be compensated at the rate of no less than twice the regular rate of pay for an employee…."

33.    Labor Code § 1194, subdivision (a) provides: "Notwithstanding any agreement to work for a lesser wage, an employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit."

34.    Section 3(a)(1) of Wage Order No. 4-2001 also mandates that employers pay one and one-half times the employees' regular rate of pay for employees who work more than eight (8) hours in a day or forty (40) hours in a week, and two times their regular rate of pay for any work in excess of twelve (12) hours in one day.

35.    At all times relevant hereto, Plaintiff and members of the Misclassification Class were non-exempt for purposes of the overtime and double pay requirements set forth in the Labor Code and Wage Order No. 4-2001.  In addition, during the Class period, Plaintiffs and other members of the Class consistently worked ten (10) hours or

9

**CLASS ACTION COMPLAINT**

more per day, and 50 hours or more per week.

36.    Plaintiff and the Class seek to recover unpaid overtime and double-time compensation in an amount to be determined at trial, as well as attorney's fees and costs.

### THIRD CAUSE OF ACTION
### UNLAWFUL FAILURE TO PROVIDE MEAL PERIODS
### (Violation of Labor Code §§ 512 and 226.7; IWC Wage Order No. 4-2001, § 11)
### (Against All Defendants)

37.    Plaintiff re-alleges, and incorporates by reference, the preceding paragraphs of this Complaint, as though fully set forth herein.

38.    This cause of action is brought on behalf of the Misclassification Class.

39.    California Labor Code § 226.7(a) provides, "No employer shall require any employee to work during any meal or rest period mandated by an applicable order of the Industrial Welfare Commission."

40.    IWC Order No. 4-2001(11)(A) provides, in relevant part: "No employer shall employ any person for a work period of more than five (5) hours without a meal period of not less than 30 minutes, except that when a work period of not more than six (6) hours will complete the day's work the meal period may be waived by mutual consent of the employer and the employee."

41.    Section 512(a) of the California Labor Code provides, in relevant part, that: "An employer may not employ an employee for a work period of more than five hours per day without providing the employee with a meal period of not less than 30 minutes, except that if the total work period per day of the employee is no more than six hours, the meal period may be waived by mutual consent of both the employer and employee. An employer may not employ an employee for a work period of more than 10 hours per day without providing the employee with a second meal period of not less than 30 minutes, except that if the total hours worked is no more than 12 hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived."

42.    As alleged herein, Defendants failed to authorize and permit uninterrupted meal breaks during the Misclassification        Class period. Plaintiff and members of the

10

Class were routinely required to work without an uninterrupted meal break at the direction of Defendants and/or with Defendants' knowledge and acquiescence.

43.     By its actions in requiring its employees to work through meal periods and/or its failure to relieve drivers of their duties for their off-duty meal periods, Defendant have violated California Labor Code § 226.7 and § 11 of IWC Wage Order No. 4-2001, and is liable to Plaintiff and the Misclassification Class.

44.     As a result of the unlawful acts of Defendants, Plaintiff and the Misclassification Class have been deprived of timely off-duty meal periods, and are entitled to recovery under Labor Code § 226.7(b) and § 11 of IWC Wage Order No. 4-2001, in the amount of one additional hour of pay at the employee's regular rate of compensation for each work period during each day in which Defendants failed to provide its drivers with timely statutory off-duty meal periods.

## FOURTH CAUSE OF ACTION
### UNLAWFUL FAILURE TO PROVIDE REST PERIODS
**(Violation of Labor Code §§ 226.7, 512, and 1194; IWC Wage Order No. 4-2001, §12)**

45.     Plaintiff re-alleges, and incorporates by reference, the preceding paragraphs of this Complaint, as though fully set forth herein.

46.     This cause of action is brought on behalf of the Misclassification Class.

47.     California Labor Code § 226.7(a) provides, "No employer shall require any employee to work during any meal or rest period mandated by an applicable order of the Industrial Welfare Commission."

48.     IWC Order No.4-2001(12)(A) provides, in relevant part: "Every employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period.  The authorized rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four hours or major fraction thereof.  However, a rest period need not be authorized for employees whose total daily work times is less than three and one-half hours. Authorized rest period time shall be counted as hours worked for which there shall be no

deduction from wages."

49.    IWC Order No. 4-2001 (12)(B) further provides, "If an employer fails to provide an employee with a rest period in accordance with the applicable provisions of this order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the rest period is not provided."

50.    As alleged herein, Defendant failed to provide or pay rest breaks during the Misclassification Class period. Defendant paid Plaintiff and class members based on a commission, and did not separately compensate them for their time.

51.    By their actions, Defendant violated § 12 of IWC Wage Order No. 4-2001 and California Labor Code § 226.7, and are liable to Plaintiffs and the Misclassification Class.

52.    Defendant's unlawful conduct alleged herein occurred in the course of employment of Plaintiff and all others similarly situated and such conduct has continued through the filing of this complaint.

53.    As a direct and proximate result of Defendant's unlawful action, Plaintiffs and the Class have been deprived of timely rest periods and/or were not paid for rest periods taking during the Misclassification Class period, and are entitled to recovery under Labor Code  § 226.7(b) in the amount of one additional hour of pay at the employee's regular rate of compensation for each work period during each day in which Defendant failed to provide employees with timely and/or paid rest periods.

**FIFTH CAUSE OF ACTION**
**FAILURE TO PAY ALL WAGES OWED EVERY PAY PERIOD**
**(Violation of Labor Code § 204)**
**(Against All Defendants)**

54.    Plaintiff re-alleges, and incorporates by reference, the preceding paragraphs of this Complaint, as though fully set forth herein.

55.    This cause of action is brought on behalf of the Expense Reimbursement Class and the Misclassification Class.

56.    California Labor Code § 204 establishes the fundamental right of all

**CLASS ACTION COMPLAINT**

employees in the State of California to be paid wages in a timely fashion for their work.

57.    At all times relevant during the liability period, Defendants failed to pay Plaintiff and the Expense Reimbursement Class and Misclassification Class the full amount of all owed wages when due as required by California Labor Code § 204.

58.    Defendants failed to pay Plaintiff and other similarly situated employees all wages earned each pay period.  Plaintiff are informed, believe, and thereon allege, that at all times relevant during the liability period, Defendants maintained a policy or practice of not paying Plaintiff and other similarly situated employees: (i) minimum wages for all hours worked; (ii) overtime wages for all overtime hours worked; and (iii) premium wages for all missed meal and rest periods.

59.    As a result of Defendants' unlawful conduct, Plaintiff and members of the each Class have suffered damages in an amount, subject to proof, to the extent they were not paid all wages each pay period. The precise amount of unpaid wages is not presently known to Plaintiff but can be determined directly from Defendants' records or indirectly based on information from Defendants' records.

<u>**SIXTH CAUSE OF ACTION**</u>
**FAILURE TO FURNISH TIMELY AND ACCURATE WAGE STATEMENTS**
**(Violation of Labor Code §§ 226 and 226.3)**
**(Against All Defendants)**

60.    Plaintiff re-alleges, and incorporates by reference, the preceding paragraphs of this Complaint, as though fully set forth herein.

61.    This cause of action is brought on behalf of the Expense Reimbursement Class and the Misclassification Class.

62.    California Labor Code § 226(a) provides: "Every employer shall, semimonthly or at the time of each payment of wages, furnish each of his or her employees, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately when wages are paid by personal check or cash, an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee…, (3) the number of piece-rate units earned and any applicable

**CLASS ACTION COMPLAINT**

piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and his or her social security number, except that by January 1, 2008, only the last four digits of his or her social security number or an employee identification number other than a social security number may be shown on the itemized statement, (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee."

63.    Labor Code § 226(e) provides that an employee is entitled to recover $50 for the initial pay period in which a violation of § 226 occurs and $100 for each subsequent pay period, as well as an award of costs and reasonable attorneys' fees, for all pay periods in which the employer knowingly and intentionally failed to provide accurate itemized statements to the employee causing the employee to suffer injury.

64.    Plaintiff is informed, believe and thereon alleges that at all times relevant. Defendants knowingly and intentionally failed to furnish and continues to knowingly and intentionally fail to furnish Plaintiff, the Expense Reimbursement Class and the Misclassification Class with timely and accurate itemized statements showing the gross wages earned by each of them, as required by Labor Code § 226 (a), in that the payments owed to Plaintiff and the members of the Class for unreimbursed business expenses, unpaid wages, and missed meal and rest periods, were not included in gross wages earned by Plaintiff and the Class.

65.    Defendants' failure to provide Plaintiff and members of the Expense Reimbursement Class and the Misclassification Class with accurate itemized wage statements during the Class period has caused Plaintiff and members of the Class to incur economic damages in that they were not aware that they were owed and not paid compensation for missed rest periods and on-duty meal periods, for hours worked without pay, and for overtime worked without pay. In addition, as set forth in Plaintiffs'

14

**CLASS ACTION COMPLAINT**

third cause of action, Defendants provided inaccurate information regarding hours worked, which masked their underpayment of wages to Plaintiff and the Expense Reimbursement Class and the Misclassification Class.

66. As a result of Defendants' issuance of inaccurate itemized wage statements to Plaintiff and members of the Expense Reimbursement Class and the Misclassification Class lass in violation of Labor Code  § 226(a), Plaintiff and the members of each Class are each entitled to recover penalties pursuant to § 226(e) of the Labor Code.

## SEVENTH CAUSE OF ACTION
### VIOLATION OF CALIFORNIA'S UNFAIR COMPETITION ACT
**(Violation of California's Unfair Competition Law, Bus. & Prof. Code §§ 17200 *et seq.*)**

67. Plaintiff re-alleges, and incorporates by reference, the preceding paragraphs of this Complaint, as though fully set forth herein.

68. This cause of action is brought on behalf of the Expense Reimbursement Class and the Misclassification Class.

69. Section 17200 of the California Business and Professions Code (the "UCL") prohibits any unlawful, unfair, or fraudulent business practices.

70. Through its action alleged herein, Defendant has engaged in unfair competition within the meaning of the UCL.  Defendant's conduct, as alleged herein, constitutes unlawful, unfair, and/or fraudulent business practices under the UCL.

71. Defendant's unlawful conduct under the UCL includes, but is not limited to, violating the statutes alleged herein.  Defendant's unfair conduct under the UCL includes, but is not limited to, failure to pay Class members wages and compensation for unreimbursed business expenses, overtime, and meal or rest breaks, as alleged herein. Defendant's fraudulent conduct includes, but is not limited to, issuing wage statements containing false and/or misleading information about compensation for Class members.

72. Plaintiffs has standing to assert this claim because she has suffered injury in fact and has lost money as a result of Defendant's conduct.

**CLASS ACTION COMPLAINT**

73.     Plaintiffs and the Class seek restitutionary disgorgement from Defendant, and an injunction prohibiting them from engaging in the unlawful, unfair, and/or fraudulent conduct alleged herein.

**EIGHT CAUSE OF ACTION**
**VIOLATION OF THE FAIR LABOR STANDARDS ACT**
**(Violation of 29 U.S.C. §§ 201, *et seq.*)**

74.     Plaintiff re-alleges, and incorporates by reference, the preceding paragraphs of this Complaint, as though fully set forth herein.

75.     This cause of action is brought on behalf of the FLSA Class.

76.     At all relevant times herein, Plaintiff and the FLSA Class has been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. §§ 201, *et seq.*

77.     The FLSA regulates, among other things, the payment of overtime by employers whose employees are engaged in interstate commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce. The FLSA mandates overtime compensation at one and a half times the employees' regular rate of pay be paid to employees working in excess of 40 hours in any work week.

78.     Defendant is subject to the FLSA's overtime wage requirements because it is in interstate commerce and its employees are engaged in commerce.

79.     Plaintiff and the FLSA class have worked overtime hours, but have been denied overtime compensation by Defendant, in violation of the FLSA.  Plaintiff and the FLSA Class are misclassified by Defendant as exempt from overtime.

80.     Plaintiff and all similarly situated employees are victims of a single, similarly applied employer-based compensation policy, which fails to compensate Treasury Service Associates classified as exempt for overtime.  In violation of the FLSA, that policy has been applied, and continues to be applied, to all Treasury Service Associates improperly misclassified as exempt from overtime by Defendant.

**CLASS ACTION COMPLAINT**

81.    Plaintiff and all similarly situated employees are entitled to damages equal to the overtime rate they should have received for all hours exceeding 40 hours in a work week, within three years from the date each Plaintiff joins this case, plus periods of equitable tolling, because Defendant acted willfully and knew, or showed reckless disregard for, whether its conduct was unlawful.

82.    Defendants have acted neither in good faith nor with reasonable grounds to believe that their actions and omissions were not a violation of the FLSA, and as a result, Plaintiff and other similarly situated employees are entitled to recover an award of liquidated damages under 29 U.S.C. § 216(b) in an amount equal to the amount of their unpaid overtime wages. Alternatively, should the Court find Defendants did not act willfully in failing to pay overtime wage, Plaintiff and all similarly situated employees are entitled to an award of prejudgment interest at the applicable legal rate.

83.    As a result of the aforesaid willful violations of the FLSA's overtime wage provisions, overtime wage compensation has been unlawfully withheld by Defendant from Plaintiff and all similarly situated employees. Accordingly, Defendant is liable under 29 U.S.C. § 216(b), together with an additional amount as liquidated damages, prejudgment and post-judgment interest, reasonable attorneys' fees, and costs of this action.

## **PRAYER**

WHEREFORE, Plaintiff, on behalf of herself and all others similarly situated and also on behalf of the general public, prays for judgment against Defendants as follows:

A. An order that this action may proceed and be maintained as a class action;

B. For reimbursement of business expenses under Labor Code § 2802 for Plaintiff and all members of the Expense Reimbursement Class;

C. For all unpaid overtime wages and liquidated damages under California law due to Plaintiff and each Misclassification Class member on their overtime wage claim;

D. For one hour of wages due to Plaintiff and each Misclassification Class

**CLASS ACTION COMPLAINT**

member at their regular rate of compensation for each meal break violations;

E.  For one hour of wages due to Plaintiff and each Misclassification Class member at their regular rate of compensation for each rest break violations;

F.  For statutory penalties under Labor Code § 226(e) for Plaintiff and each Expense Reimbursement Class or Misclassification Class member;

G.  An order requiring Defendants to comply with Labor Code § 226(a) with respect to all currently employed members of the Expense Reimbursement Class or Misclassification Class;

H.  For restitutionary disgorgement pursuant to the UCL;

I.  An order enjoining Defendants from further unfair and unlawful business practices in violation of Business & Professions Code §§ 17200 *et seq.;*

J.  An order allowing other similarly situated drivers to receive notice and opportunity to opt-in to this case pursuant to 29 U.S.C. § 216(b) of the Fair Labor Standards Act;

K.  Declare and find that Defendants violated FLSA, 29 U.S.C. § 201, et seq. by failing to pay Plaintiff and members of the FLSA Class overtime wages;

L.  An award of damages in the amount of unpaid overtime wages to the FLSA Class;

M.  Liquidated damages for the FLSA Class;

N.  An order enjoining Defendants from further unfair and unlawful business practices and requiring them to comply with the FLSA;

O.  Prejudgment interest at the maximum legal rate;

P.  Reasonable attorneys' fees;

Q.  Accounting of Defendants' records for the liability period;

R.  General, special and consequential damages, to the extent allowed by law;

S.  Costs of suit; and

T.  Such other relief as the Court may deem just and proper.

**CLASS ACTION COMPLAINT**

DATED:  May 27, 2021                    **HAFFNER LAW PC**

                              By:    /s/ Joshua H. Haffner
                                     Joshua H. Haffner
                                     Attorneys for Plaintiff and others
                                     similarly situated

**CLASS ACTION COMPLAINT**

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury for herself and for each Class member on all claims so triable.

DATED:  May 27, 2021                    **HAFFNER LAW PC**

                    By:    /s/ Joshua H. Haffner
                           Joshua H. Haffner
                           Attorneys for Plaintiff and others
                           similarly situated

**CLASS ACTION COMPLAINT**

## **CONSENT TO BECOME A PARTY PLAINTIFF**

### **Fair Labor Standards Act of 1938, 29 U.S.C. 216(b)**

I hereby consent to be a party plaintiff and collective and class representative in the action titled *Calderon v. Wells Fargo,* for violations of the Fair Labor Standards Act, 29 U.S.C. §§201-291, and any other applicable federal and state laws.

Tiffany Calderon
Name

4835 Durfee Ave
Address

El Monte , California          91732
City          State          Zip

_____          5/26/21
Signature          Date